UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:23-cr-484-SAL |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 245 |
| vs. | ) | 18 U.S.C. § 245(b)(2)(F) |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | ) | 18 U.S.C. § 924(d)(1) |
| | ) | 18 U.S.C. § 982(a)(5) |
| | ) | 18 U.S.C. § 2119 |
| | ) | 28 U.S.C. § 2461(c) |
| **CHARLES ANTONIO CLIPPARD** | ) | |
| a/k/a "Ceelo" | ) | |
| a/k/a "C-lo" | ) | |
| **MICHAEL JOSEPH KNOX** | ) | |
| a/k/a "Melo" | ) | |
| a/k/a "Mello" | ) | **SUPERSEDING INDICTMENT** |

COUNT 1

THE GRAND JURY CHARGES:

That beginning at least in or around January 2021, and continuing thereafter through February 2021, in the District of South Carolina, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** knowingly and willfully did combine, conspire, confederate, and agree together and with others known and unknown to the grand jury, to commit the following offenses against the United States, as charged in the remaining counts of the Superseding Indictment and incorporated herein:

1. To by force and threat of force, willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, any person because of the person's race and national origin, and because the person had been enjoying the goods, services, and

facilities of a restaurant which serves the public and is principally engaged in selling food and beverages for consumption on the premises, and a gasoline station, and an establishment which serves the public, within the premises of which is physically located any of the aforesaid establishments, and which holds itself out as serving patrons of such establishments, in violation of Title 18, United States Code, Section 245; and

2. With the intent to cause death and serious bodily harm, to take a motor vehicle, that had been transported, shipped, and received in interstate commerce from and in the presence of a person by force, violence, and intimidation, in violation of Title 18, United States Code, Section 2119.

## MANNER AND MEANS

The plan and purpose of the conspiracy was to target people the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** and their co-conspirators identified as Mexican and Hispanic at places of public accommodation, such as gas stations, restaurants, and other public accommodations, in order to commit violent crimes against them. It was part of the conspiracy that Defendants **CLIPPARD** and **KNOX**, along with others known and unknown to the grand jury, targeted and robbed John Doe 1, John Doe 2, John Doe 3, John Doe 4, and others because of their race and national origin, and because the victims had been using a public accommodation, specifically: (a) a restaurant which serves the public and is principally engaged in selling food and beverages for consumption on the premises; (b) a gasoline station; and (c) an establishment which serves the public and within the premises of which is physically located any of the aforesaid establishments, and which holds itself out as serving patrons of such establishments.

OVERT ACTS

In furtherance of the conspiracy, and to achieve its objectives, Defendants and their co-conspirators committed, and caused to be committed, the following overt acts, among others, on or about the dates set forth below, within the District of South Carolina:

1. On or about January 22, 2021, Defendants **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** and others known and unknown to the grand jury, traveled to Supermercado El Mariachi, parked their vehicle, and waited in their vehicle outside of the Supermercado El Mariachi in order to rob Mexican and Hispanic people.

2. Defendants **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** and others known and unknown to the grand jury, observed John Doe 1 and John Doe 2, who they identified as Mexican and Hispanic, stop at the Supermercado El Mariachi; after John Doe 1 and John Doe 2 returned to their vehicle from the Supermercado El Mariachi, **CLIPPARD, KNOX**, and their co-conspirators, followed John Doe 1 and John Doe 2 from the store to John Doe 1's home.

3. One co-conspirator drove the vehicle in which Defendants **CLIPPARD** and **KNOX** and other co-conspirators, were passengers, in pursuit of the vehicle occupied by John Doe 1 and John Doe 2.

4. Once they arrived at John Doe 1's home, **CLIPPARD, KNOX**, and their co-conspirators, each of whom then-possessed a firearm, exited their vehicle and robbed John Doe 1 and John Doe 2 at gunpoint, taking cash and a cell phone from John Doe 1 and John Doe 2.

5. On or about January 30, 2021, Defendants **CLIPPARD** and **KNOX**, and their co-

3

conspirators, traveled to a Spinx gas station, and parked their vehicle, in order to rob people they identified as Mexican and Hispanic; while waiting in their vehicle outside a Spinx gas station, they observed John Doe 3, who they identified as Mexican and Hispanic, arrive at the gas station.

6. After John Doe 3 departed the gas station in his vehicle, Defendants **CLIPPARD** and **KNOX**, and their co-conspirators, followed John Doe 3 to his residence; one co-conspirator drove the vehicle in which **CLIPPARD** and **KNOX** were passengers, and they followed the vehicle occupied by John Doe 3.

7. Upon arriving at John Doe 3's residence, Defendants **CLIPPARD** and **KNOX** exited the vehicle, approached John Doe 3, held firearms at his head, and robbed him of cash, his wallet, his passport, his car keys, and his car.

8. On or about January 30, 2021, Defendants **CLIPPARD** and **KNOX**, and their co-conspirators, traveled to a Marathon gas station, in order to rob people they identified as Mexican and Hispanic; while waiting in their vehicle outside the Marathon gas station, they observed John Doe 4, who they identified as Mexican and Hispanic, arrive at the gas station.

9. After John Doe 4 departed the gas station in his vehicle, Defendants **CLIPPARD** and **KNOX**, and their co-conspirators, followed John Doe 4 to his residence; a co-conspirator drove the vehicle in which **CLIPPARD** and **KNOX** were passengers, and they followed the vehicle occupied by John Doe 4.

10. Upon arriving at John Doe 4's residence, Defendants **CLIPPARD** and **KNOX** exited the vehicle driven by a co-conspirator, held a firearm to John Doe 4's head, pushed John Doe 4 into his residence, threatened to shoot John Doe 4 and others, and robbed him and other

Hispanic victims inside the residence of cash, a cell phone, and a bank card.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about January 22, 2021, in the District of South Carolina, Defendants **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did, by force and threat of force, willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, John Doe 1 and John Doe 2 because of John Doe 1's and John Doe 2's race and national origin, namely that John Doe 1 and John Doe 2 were Mexican and Hispanic, and because John Doe 1 and John Doe 2 had been enjoying the goods, services, and facilities of a restaurant which serves the public and is principally engaged in selling food and beverages for consumption on the premises, and of an establishment which serves the public, within the premises of which is physically located any of the aforesaid establishments, and which holds itself out as serving patrons of such establishments, to wit, the Supermercado El Mariachi. The offense resulted in bodily injury and involved the use of a dangerous weapon.

In violation of Title 18, United States Code, Sections 245(b)(2)(F) and 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about January 22, 2021, in the District of South Carolina, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did knowingly use, carry, and brandish a firearm during and in relation to, and did possess and brandish a firearm in furtherance of, a crime of violence, namely a violation of § 245(b)(2)(F) as charged in Count Two of the Indictment, which is prosecutable in a court of the United States.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2021, in the District of South Carolina, Defendants **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did, by force and threat of force, willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, John Doe 3 because of John Doe 3's race and national origin, namely that John Doe 3 is Mexican and Hispanic, and because John Doe 3 had been enjoying the goods, services, and facilities of a gasoline station, and an establishment which serves the public, within the premises of which is physically located any of the aforesaid establishments, and which holds itself out as serving patrons of such establishments, to wit, a Spinx gas station. The offense resulted in bodily injury and involved the use of a dangerous weapon.

In violation of Title 18, United States Code, Sections 245(b)(2)(F) and 2.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2021, in the District of South Carolina, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, took a motor vehicle, to wit, a Nissan Maxima, that had been transported, shipped, and received in interstate commerce, from and in the presence of John Doe 3 by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

In violation of Title 18, United States Code, Sections 2119 and 2.

COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2021, in the District of South Carolina, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did knowingly use, carry, and brandish a firearm during and in relation to, and did possess and brandish a firearm in furtherance of, a crime of violence, namely a violation of § 245(b)(2)(F) as charged in Count Four of the Indictment, which is prosecutable in a court of the United States.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2021, in the District of South Carolina, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did knowingly use, carry, and brandish a firearm during and in relation to, and did possess and brandish a firearm in furtherance of, a crime of violence, namely a violation of § 2119 as charged in Count Five, which is prosecutable in a court of the United States.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2021, in the District of South Carolina, Defendants **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did, by force and threat of force, willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, John Doe 4 because of John Doe 4's race and national origin, namely that John Doe 4 is Mexican and Hispanic, and because John Doe 4 had been enjoying the goods, services, and facilities of a gasoline station, and an establishment which serves the public, within the premises of which is physically located any of the aforesaid establishments, and which holds itself out as serving patrons of such establishments, to wit, a Marathon gas station. The offense resulted in bodily injury and involved the use of a dangerous weapon.

In violation of Title 18, United States Code, Sections 245(b)(2)(F) and 2.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2021, in the District of South Carolina, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** aided and abetted by each other and by others known and unknown to the grand jury, did knowingly use, carry, and brandish a firearm during and in relation to, and did possess and brandish a firearm in furtherance of, a crime of violence, namely a violation of § 245(b)(2)(F) as charged in Count Seven of the Indictment, which is prosecutable in a court of the United States.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## FORFEITURE

FIREARM OFFENSES:

Upon conviction for felony violation of Title 18, United States Code, Section 924(c)(1) as charged in this Superseding Indictment, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** shall forfeit to the United States all of the Defendants' rights, title, and interest in and to:

(a)   any firearms and ammunition (as defined in 18 U.S.C. § 921) –

   (1)   involved in or used in any knowing violations of 18 U.S.C. § 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence.

CAR-JACKING:

Upon conviction for violation of Title 18, United States Code, Section 2119 as charged in this Superseding Indictment, the Defendants, **CHARLES ANTONIO CLIPPARD, a/k/a "Ceelo," a/k/a "C-lo,"** and **MICHAEL JOSEPH KNOX, a/k/a "Melo," a/k/a "Mello,"** shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offense, and firearms by 18 U.S.C. § 924.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(5), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Superseding Indictment includes, but is not limited to, the following:

11

A. <u>Firearms</u>:

(1) Glock, Model 41, caliber .45 pistol with miscellaneous ammunition and magazines
Serial Number: ZBC627
Seized from: Darrell Clippard

(2) Canik firearm with laser sight and magazine
Serial Number: T6472-20 AT 27404
Seized from: Michael Joseph Knox

B. <u>Cellular Phones</u>:

(1) Space Gray Apple iPhone 11 and case,
Serial Number: C7DCXGY8N72J
IMEI: 352893118566134
Seized from: Charles Antonio Clippard

(2) Blue AT&T Smartphone
Serial Number: Unknown
Seized from: Michael Joseph Knox

C. <u>Cash/United States Currency</u>:

$3,013.51 in United States currency
Seized from: Michael Joseph Knox
Asset ID: 24-FBI-000139

D. <u>Cash Proceeds/ Forfeiture Judgment</u>:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the car-jacking offense charged in this Superseding Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violation of 18 U.S.C. § 2119.

<u>SUBSTITUTE ASSETS</u>:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants –

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or

12

(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of Defendants up to an amount equivalent to the value of the above-described forfeitable property.

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(5), and Title 28, United States Code, Section 2461(c).

A _____TRUE_____ Bill

_____
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

BY: _____
Benjamin N. Garner (Fed. ID 11477)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel: (803) 929-3000
Fax: (803) 254-2912
Email: Benjamin.Garner@usdoj.gov